UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRIN MALSACK,

Plaintiff,

Case No. 25-cv-1641-bhl

v.

RUDRAM PROPERTIES LLC,

Defendant.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Plaintiff Darrin Malsack, who is in a wheelchair, alleges that Defendant Rudram Properties violated Title III of the Americans with Disabilities Act (ADA) by failing to ensure that Melrose Restaurant, operating on real property that it owns, is accessible to legally handicapped persons. (ECF No. 1.) Malsack seeks an injunction requiring Rudram Properties to make various changes to bring Melrose into compliance with Title III. (*Id.* at 14; *see also* ECF No. 7 at 4–7.) Malsack filed proof that Rudram was serviced on December 11, 2025, but it has not appeared in the case. (*See* ECF Nos. 5 & 6.) On January 21, 2026, the Clerk of Court entered default against Rudram pursuant to Federal Rule of Civil Procedure 55(a). Malsack now seeks a default judgment under Rule 55(b)(2). (ECF No. 7.) Because the defaulted facts establish Rudram's violation of the ADA, the Court will grant Malsack's motion for default judgment. The Court will enter an injunction compelling Rudram to bring Melrose's into compliance with the ADA.

## FACTUAL BACKGROUND[1]

Malsack is a resident of Milwaukee, Wisconsin and uses a wheelchair for mobility purposes. (ECF No. 1 ¶¶2, 4–5.) Melrose's is a restaurant located in Oak Creek, Wisconsin. (*Id.* ¶9.) Rudram is the owner or co-owner of the real property Melrose sits upon. (*Id.* ¶¶10–11.)

---

[1] These facts are derived from Malsack's Complaint, (ECF No. 1), which the Court deems admitted due to Rudram's default, Fed. R. Civ. P. 8(b)(6); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) ("When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages.").

On or about June 9, 2025, Malsack was a customer at Melrose's. (*Id.* ¶9.) But physical barriers present at Melrose precluded or limited his access to the property and its goods and services because of Malsack's status as a handicapped person. (*Id.* ¶¶12, 17, 29, 33.)

## LEGAL STANDARD

"A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Id.* (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)).

## ANALYSIS

"Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013) (citing 42 U.S.C. §§12181–89). Malsack alleges that Rudram violated Title III by failing to maintain Melrose's to be wheelchair-accessible for individuals such as himself. He seeks injunctive relief ordering Rudram to make numerous changes to Melrose's for it to become ADA-compliant. Rudram has not responded to the complaint and is therefore in default. When a party is in default, the Court accepts the well-pleaded factual allegations in the complaint as true. *Wehrs*, 688 F.3d at 892. Before the Court can enter a default judgment against Rudram, however, it must examine whether the factual allegations in the complaint establish its liability on the legal claims contained in the complaint. *See* 10A Fed. Prac. & Proc. Civ. §2688.1 (4th ed.); *see also GS Holistic, LLC v. S&S 2021 LLC*, Case No. 23-CV-697-JPS, 2023 WL 8238980, at *3 (E.D. Wis. Nov. 28, 2023).

Malsack asserts a claim under Title III of the ADA, which prohibits discrimination on the basis of disability in places of public accommodation. *See* 42 U.S.C. §12182(a); *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 609 (7th Cir. 2020). To prevail on a Title III claim, Malsack must establish that (1) he is disabled under the ADA; (2) Rudram owns, leases, or operates a place of public accommodation; and (3) Rudram discriminated against him on the basis of his disability. *See McCabe v. Tire Web LLC*, No. 23-cv-459-pp, 2024 WL 4144200, at *4 (E.D. Wis. Sep. 11, 2024) (citing *Mohammed v. DuPage Legal Assistance Found.*, 781 F. App'x 551, 552 (7th Cir. 2019)).

Malsack alleges that he is required to utilize a wheelchair to accommodate mobility issues. (ECF No. 1 ¶5.) He is substantially limited when it comes to walking, standing, grabbing, grasping, and pinching. (*Id.* ¶4.) The ADA defines "disability" in part as "a physical . . . impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. §12102(1)(A). An impairment "need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." *Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 888–89 (7th Cir. 2019) (quoting 29 C.F.R. §1630.2(j)(1)(ii)). As to "major life activities" that may be impaired by a disability, the ADA regulations contain a non-exhaustive list which includes walking, standing, and sitting. 29 C.F.R. §1630.2(i)(1)(i). Because Malsack is confined to a wheelchair, thus substantially limiting his ability to walk, stand, and sit, he is considered disabled under the ADA.

Malsack further alleges that Rudram owns or co-owns the real property that Melrose's is situated upon. (ECF No. 1 ¶¶10–11.) Melrose's itself is a restaurant. (*Id.* ¶9.) Accordingly, Rudram owns a place of public accommodation. *See Tire Web*, 2024 WL 4144200, at *4; *see also* 42 U.S.C. §12181(7)(B) (including "a restaurant, bar, or other establishment serving food or drink" as a place of public accommodation under the ADA). Malsack also alleges that he attempted to dine at Melrose's, but that access was limited due to various physical barriers. (ECF No. 1 ¶¶12, 17, 29, 33.) Taking his allegations as true, Malsack has established that Rudram discriminated against him on the basis of his disability by failing to make Melrose's fully accessible to him. *See* 42 U.S.C. §12182(b)(2)(A); *Tire Web*, 2024 WL 4144200, at *6; *McCabe v. Heid Music Co.*, No. 23-CV-1215-JPS, 2024 WL 1174352, at *4–5 (E.D. Wis. Mar. 19, 2024). Accordingly, Malsack's factual allegations, on which Rudram has defaulted, establish its liability under Title III.

For a remedy, Malsack asks that the Court enter an injunction directing Rudram to take specific steps to come into compliance with the ADA. (ECF No. 7 at 4–7.) To merit injunctive relief, Malsack must show four things: (1) he has suffered an irreparable injury; (2) traditional remedies are inadequate to compensate for his injury; (3) the balance of hardships between him and Rudram tips in his favor; and (4) the public interest would not be disserved by a permanent injunction. *See LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 944 (7th Cir. 2019) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Malsack has suffered an irreparable injury because Melrose's is inaccessible to him. *See Tire Web*, 2024 WL 4144200, at *6. He has no other remedy at law because monetary damages are not available under Title III. *Id.* (citing *Scherr*,

703 F.3d at 1075).  The balance of hardships weighs in Malsack's favor because, absent injunctive relief, he will be denied equal access to Melrose's products and services, while Rudram will only be required to expend some costs to bring its premises into compliance with federal law.  *See id.* at \*7 (citing *Heid Music*, 2024 WL 1174352, at \*7).  And the public interest will be served by an injunction because the public has a strong interest in eliminating discrimination against individuals with disabilities.  *Id.* (citing *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001)).  Accordingly, the Court agrees that Malsack is entitled to injunctive relief.

Malsack's request for injunctive relief is overly detailed.  He not only seeks an order directing Rudram to bring Melrose's into compliance with the ADA but also asks the Court to direct Rudram to take specific steps to come into compliance.  (ECF No. 7 at 4–7.)  In particular, he lists all the ways he believes Melrose's fails to meet ADA compliance.  (*Id.*)  This is inappropriate and unnecessary.  The Court is required to "tailor injunctive relief to the scope of the violation found."  *e360 Insight*, 500 F.3d at 604–05 (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d 807, 817 (7th Cir. 2005), *rev'd on other grounds*, 547 U.S. 9 (2006)).  The facts alleged in Malsack's complaint demonstrate that Rudram has violated Title III of the ADA.  An injunction requiring Rudram to bring Melrose's into compliance with the ADA is sufficient.  If Rudram fails to comply with the injunction, Malsack may bring suit to enforce it.  *Tire Web*, 2024 WL 4144200, at \*7 (citing *Wright v. Thread Experiment, LLC*, No. 19-cv-1423-SEB-TAB, 2021 WL 243604, at \*5 n.4 (S.D. Ind. Jan. 22, 2021)).

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff Darrin Malsack's Motion for Default Judgment, ECF No. 7, is **GRANTED**.  The Court will issue a permanent injunction ordering Rudram to bring Melrose's into compliance with the ADA by separate order in compliance with *MillerCoors LLC v. Anheuser-Bush Cos.*, 940 F.3d 922 (7th Cir. 2019) and Federal Rule of Civil Procedure 65(d).  The Clerk is directed to enter judgment in favor of Malsack.

Dated at Milwaukee, Wisconsin on March 26, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge