UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DARRIN MALSACK,

Plaintiff,

v.

Case No. 25-cv-1641-bhl

RUDRAM PROPERTIES LLC,

Defendant.

---

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

---

On October 27, 2025, Plaintiff Darrin Malsack filed a complaint against Defendant Rudram Properties LLC, alleging violations of Title III of the Americans with Disabilities Act (ADA). (ECF No. 1.) On January 21, 2026, Malsack filed a request for Clerk's entry of default, which the Clerk entered, and on February 24, 2026, Malsack filed a motion for default judgment. (ECF Nos. 6 & 7.) On March 26, 2026, the Court granted Malsack's motion for default judgment. (ECF No. 8.) The Court also entered a permanent injunction requiring Rudram Properties LLC to come into compliance. (ECF No. 9.) Malsack now seeks attorney's fees and costs for litigating the case. (ECF No. 11.)

The ADA authorizes the Court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. §12205. Accordingly, there are two requirements to recover attorney's fees: (1) the moving party must be prevailing; and (2) the requested fees must be reasonable.

A "prevailing party" is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court considers parties who win default judgment to be prevailing. *See McCabe v. Heid Music Co., Inc.*, No. 23-cv-1215-JPS, 2024 WL 2815321, at *1 (E.D. Wis. June 3, 2024). As Malsack won default judgment and permanent injunctive relief against Rudram Properties LLC, he is the prevailing party and is thus entitled to reasonable attorney's fees.

To determine whether the amount requested is reasonable, the Court uses the "lodestar" method, multiplying the "number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (quoting *Hensley*, 461 U.S. at 433) (alteration in original). The reasonable hourly rate is "derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). The fee applicant bears the burden of producing evidence supporting that the requested rate matches the market rate, and the best evidence is the attorney's actual billing rate for similar work. *Pickett*, 664 F.3d 640 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012). If that burden is met, the burden shifts to the other party to offer evidence explaining why a lower rate is "essential." *Pickett*, 664 F.3d at 640. Once the Court establishes the lodestar, it may adjust it to account for additional factors. *Id.*

Malsack's Counsel submits that he charges $450.00 per hour for Title III ADA cases. (ECF No. 11-2 at ¶17.) This Court has previously found a market rate of $750.00 per hour for Title III ADA cases to be reasonable for this market. *See McCabe*, 2024 WL 2815321, at *2. As the requested amount is well beneath that, the Court agrees with Malsack that $450.00 per hour is a reasonable amount. The burden now moves to the defendant to establish "a good reason why a lower rate is essential." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996) (citation omitted). Failure to do so is "a concession that the attorney's billing rate is reasonable and should be awarded." *Id.* The defendant, Rudram Properties LLC, has not responded to the motion, and the Court will therefore apply a $450.00 per hour billing rate.

Having determined the reasonable rate, the Court must consider "the hours reasonably expended." *Johnson*, 668 F.3d at 929. The Court must ensure that counsel exercised "billing judgment" by submitting only the hours reasonably expended, not necessarily the hours actually expended. *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999). Counsel for the prevailing party cannot include in the fee request "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. Malsack's Counsel maintains that he expended 14.7 hours in litigation and attaches a breakdown of the hours spent on the case. (ECF No. 11-1 at 13; ECF No. 11-2 ¶23; ECF No. 11-5 at 3.) The Court does not find the time logs unnecessary, unreasonable, or otherwise concerning. Accordingly, Malsack is entitled to 14.7

hours of time at $450.00 per hour, equaling **$6,615.00** in attorneys' fees. The Court makes no adjustment to the lodestar.

Malsack also seeks costs: $405.00 for the filing fee, $65.00 for processing service, and $110.59 for postage. (ECF No. 11-5 at 4; ECF No. 11-1 at 13; ECF No. 11-2 ¶24.) Federal Rule of Civil Procedure 54(d)(1) provides that costs be allowed to the prevailing party unless a federal statute, Rule of Civil Procedure, or court order provides otherwise. As already discussed, Malsack is a prevailing party. The Court will therefore award Malsack the amount requested for processing service and out-of-pocket postage. Accordingly, Malsack is entitled to $405.00 for the filing fee, $65.00 for processing service, and $110.59 for postage, totaling **$580.59** in costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Malsack's motion for attorney's fees, ECF No. 11, is **GRANTED.** Malsack is entitled to recover from Rudram Properties LLC attorney's fees in the total amount of $6,615.00 and costs in the amount of $580.59.

**IT IS FURTHER ORDERED** that Defendant Rudram Properties LLC shall pay to Plaintiff Malsack attorney's fees in the amount of $6,615.00 and costs in the amount of $580.59.

Dated at Milwaukee, Wisconsin on November 12, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge